United States District Court
Southern District of Texas
**ENTERED**
December 30, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM R. HARRISON, | § | |
| Petitioner, | § § § | |
| v. | § § | Misc. No. H-15-3035 |
| UNITED STATES COMMISSIONER OF INTERNAL REVENUE, E. ALANIS, | § § § § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Respondent's Motion to Dismiss and the response filed thereto.  For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**.

### I.  Case Background

On September 22, 2015, Internal Revenue Service ("IRS") Revenue Officer E. Alanis issued an administrative summons to the JP Morgan Chase Bank seeking records to aid in the collection of income tax liabilities and trust fund penalties assessed against Petitioner William R. Harrison for the tax years 2006-2010.[2]  The summons requested that JP Morgan Chase turn over Petitioner's bank statements, cancelled checks, and deposit slips for the period May

---

[1]   This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 (b)(1)(A) and (B), the Cost and  Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  See Doc. 8, Ord. Dated. May 24, 2016.

[2]   See Doc. 6, Ex. A to Def.'s Mot. to Dismiss, IRS Summons; Doc. 6-1, Ex. B to Def.'s Mot. to Dismiss, Decl. of E. Alanis pp. 1-2.

1, 2015, through September 30, 2015.³

Petitioner objected to this production and filed the present motion to quash the summons on December 21, 2015.⁴ In his petition, Harrison complained that the subpoena was "oppressive and unreasonable," violated his right to privacy, and constituted a "fishing" expedition.⁵ He also argued, inter alia, that the IRS was seeking to collect on a tax liability which had not been lawfully adjudicated, the Internal Revenue Code was not "positive law, and is therefore not relevant to Aggrieved Petitioner, a citizen of Texas," and "income" has never been lawfully defined.⁶

On May 4, 2016, the United States filed the pending motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), (2), (4) and (5), arguing that it had not been served process in accordance with the applicable Federal Rules of Civil Procedure and that the action should be dismissed for want of subject matter jurisdiction.

On May 25, 2016, the court entered an order directing Petitioner to provide proof of service on the United States in conformity with Rule 4(i)(1).

In the pending motion to dismiss, the IRS argues that the

---

³ See Doc. 6, Ex. A to Doc. 5, Def.'s Mot. to Dismiss, Summons.

⁴ See Doc. 1, Pet. to Quash Summons.

⁵ Id. pp. 1, 3, 4.

⁶ Id. pp. 6, 8.

2

court lacks subject matter jurisdiction over the present motion to quash.

## II. Legal Standard

Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(3). The party asserting jurisdiction bears the burden of proof. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The court may decide the motion on any of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. The court, in determining whether it is properly vested with subject matter jurisdiction, is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005)(quoting Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004)).

The court should decide the Rule 12(b)(1) motion before addressing any attack on the merits. Ramming, 281 F.3d at 161. A dismissal of a complaint pursuant to Rule 12(b)(1) "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." Id.

## III. Analysis

Federal district courts have limited authority to hear cases. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). A district court's jurisdiction is further circumscribed by sovereign immunity in cases against the United States. Beall v. United States, 336 F.3d 419, 421 (5th Cir. 2003). A waiver of sovereign immunity cannot be implied, but must be explicit. Lundeen v. Mineta, 291 F.3d 300, 304 (5th Cir. 2002). The court's jurisdiction extends only as far as the terms of the waiver. Wilkerson v. United States, 67 F.3d 112, 118 (5th Cir. 1995).

Section 7602, Title 26 of the United States Code, authorizes the IRS to summon a taxpayer or third party to testify and produce records relevant to any inquiry involving a tax liability. United States v. Battle, 213 F. App'x 307, 309 (5th Cir. 2007)(unpublished). Where the summons is issued to a third party, Section 7609 requires the IRS to serve the taxpayer with notice of the summons and permits the taxpayer to institute a proceeding in a district court to quash the summons. See 26 U.S.C. § 7609(b)(2). However, excepted from this procedure are those summonses issued "in aid of the collection of . . . an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." 26 U.S.C. § 7609(c)(2)(D)(i).

In the present case, the summons states that it is issued "related to the tax liability or the collection of the tax

liability" of William R. Harrison.[7]  In the attached declaration, the revenue officer avers that the summons was issued to aid in the collection of the tax liabilities of Petitioner William R. Harrison for tax years 2006-2010.[8]  Petitioner has failed to raise any fact to suggest that this summons was not, as the revenue officer claims, issued in aid of collection of a tax.  Therefore, as the present summons is a collection summons, it is excepted from the provisions of Section 7609, and Petitioner has no recourse under that section.

A proceeding to quash a third-party summons is a suit against the United States, which requires that the United States "expressly and unequivocally waive[][its] sovereign immunity." Barnes v. United States, 199 F.3d 386, 388 (7th Cir. 1999)(citing United States v. Dalm, 494 U.S. 596, 608 (1990)).  Here, the United States has expressly carved out any recourse to the courts from its waiver of sovereign immunity when a third-party summons is issued in aid of collection.  See 26 U.S.C. § 7609(c)(2)(D)(I); Barnes, 199 F.3d at 388, Viewtech, Inc. v. United States, 653 F.3d 1102, 1105 (9th Cir. 2011)(taxpayer lacked standing under Section 7609 to challenge a collection summons issued to a third party); Trowbridge v. Internal Revenue Serv., Civ. Action No. 4:13cv1850, 2013 WL 6002205, at *3 (S.D. Tex. Nov. 12, 2013)(same).  Thus, the court is

---

[7]   See Doc. 6, IRS Summons.

[8]   See Doc. 6-1, Decl. of E. Alanis. pp. 1-2.

5

without subject matter jurisdiction to consider Petitioner's challenges to the summons in issue.

It is therefore **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 5) be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** this 30th day of December, 2016.

_____
NANCY JOHNSON
UNITED STATES MAGISTRATE JUDGE